UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; and MXM MUSIC AB d/b/a MXM, a Swedish Limited Liability Company,<br><br>        Plaintiffs,<br><br>                v.<br><br>MIAMI HEAT LIMITED PARTNERSHIP d/b/a MIAMI HEAT, a Florida Limited Partnership; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No: 1:24-cv-05457-JGK<br><br>ANSWER TO COMPLAINT |

## ANSWER TO COMPLAINT

Defendant Miami Heat Limited Partnership (d/b/a "Miami Heat" or the "Team"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiffs Kobalt Music Publishing America Inc., (d/b/a "KMPA"), a Delaware Corporation, and MXM Music AB (d/b/a "MXM"), a Swedish Limited Liability Company (collectively, "Plaintiffs"), dated July 19, 2024 [Dkt. No. 5] (the "Complaint") as follows:

## NATURE OF THE ACTION

1.      The allegations set forth in paragraph 1 of the Complaint characterize the Plaintiffs' Complaint, which speaks for itself. To the extent any allegations in this paragraph allege wrongdoing by the Miami Heat, such allegations are expressly denied.

## PLAINTIFFS

2.      The Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis denies those allegations.

3. The Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint, and on that basis denies those allegations.

## DEFENDANTS

4. The Miami Heat admits that it is a Florida Limited Partnership with its principal place of business in Miami, Florida.

5. Plaintiffs' allegation that they "will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained" is not a proper factual allegation and does not require a response. With respect to the remaining allegations in paragraph 5 of the Complaint, the Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, and on that basis denies those allegations.

6. The Miami Heat denies the allegations set forth in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. The allegations in paragraph 8 of the Complaint regarding the conclusion that there is personal jurisdiction over Defendants state a legal conclusion to which no response is required. With respect to the allegations in paragraph 8 regarding the "home of all Plaintiffs' exclusive agent for the licensing of their copyrights," the Miami Heat lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies the same. Similarly, with respect to the allegations in paragraph 8 pertaining to parties other than the Miami Heat, the Miami Heat lacks knowledge or information sufficient to form a belief about the truth of those

allegations and on that basis denies the same. The Miami Heat denies the remaining allegations in paragraph 8 to the extent they pertain to the Team, and specifically denies the allegation of any wrongdoing or injury to Plaintiffs.

9. The allegations in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Miami Heat denies such allegations, especially as it pertains to any alleged injury to Plaintiffs.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. The Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies those allegations.

11. The Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies those allegations.

12. The Miami Heat admits that it owns the National Basketball Association ("NBA") team known as the Miami Heat, and that the Team sometimes plays in downtown Miami. The Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint regarding whether it "operates" the NBA team known as the Miami Heat because it engages natural persons to operate the company and, on that basis, denies those allegations.[1]

13. The Miami Heat admits that it is the administrator of accounts with Facebook, Instagram, X, YouTube, and TikTok, and that there is a page on the NBA.com website directed to the Team, which contains content relating to news, promotional videos, highlights, links to

---

[1] Plaintiffs' footnote no. 1 does not contain a factual allegation and therefore does not require a response.

purchase merchandise using the Team's brand, and game tickets. The Miami Heat denies all remaining allegations in paragraph 13 of the Complaint.[2]

14.     The Miami Heat admits that it owns numerous active United States trademark registrations and copyright registrations and that, when appropriate, it enforces its rights. The Team denies all remaining allegations in paragraph 14 of the Complaint.

15.     The allegation in paragraph 15 of the Complaint that "Defendants did not obtain Plaintiff's license, authorization, or consent to synchronize the Works with the Videos" calls for a legal conclusion to which no response is required. The Miami Heat lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint, and on that basis denies those allegations. The Miami Heat specifically denies any alleged wrongdoing.

## FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT
### (Against all Defendants)

16.     The Miami Heat incorporates by reference its responses to paragraphs 1-15 above, as if fully set forth here.

17.     The Miami Heat denies the allegations in paragraph 17 of the Complaint.

18.     The Miami Heat denies the allegations in paragraph 18 of the Complaint.

19.     The Miami Heat denies the allegations in paragraph 19 of the Complaint.

20.     The Miami Heat denies the allegations in paragraph 20 of the Complaint.

21.     The Miami Heat denies the allegations in paragraph 21 of the Complaint.

22.     The Miami Heat denies the allegations in paragraph 22 of the Complaint.

23.     The Miami Heat denies the allegations in paragraph 23 of the Complaint.

---

[2] Plaintiffs' footnote no. 2 does not contain a factual allegation and therefore does not require a response.

## SECOND CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

24. The Miami Heat incorporates by reference its responses to paragraphs 1-23 above, as if fully set forth here.

25. The Miami Heat denies the allegations in paragraph 25 of the Complaint.

26. The Miami Heat denies the allegations in paragraph 26 of the Complaint.

27. The Miami Heat denies the allegations in paragraph 27 of the Complaint.

28. The Miami Heat denies the allegations in paragraph 28 of the Complaint.

29. The Miami Heat denies the allegations in paragraph 29 of the Complaint.

## THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

30. The Miami Heat incorporates by reference its responses to paragraphs 1-29 above, as if fully set forth here.

31. The Miami Heat denies the allegations in paragraph 31 of the Complaint.

32. The Miami Heat denies the allegations in paragraph 32 of the Complaint.

33. The Miami Heat denies the allegations in paragraph 33 of the Complaint.

34. The Miami Heat denies the allegations in paragraph 34 of the Complaint.

35. The Miami Heat denies the allegations in paragraph 35 of the Complaint.

## PRAYER FOR RELIEF

36. WHEREFORE, the Miami Heat denies that any of the Plaintiffs are entitled to any relief whatsoever, including damages—either actual, with disgorgement, or statutory, including any injunctive or other equitable relief, attorneys' fees and costs, and all other forms of relief sought in the "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE DEFENSES

37. Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Miami Heat asserts the following separate defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

38. Plaintiffs' causes of action are barred, in whole or in part, for failure to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations, 17 U.S.C. § 507)

39. Plaintiffs' causes of action are barred, in whole or in part, by the relevant statute of limitations because the Complaint was filed more than three years "after the claim accrued." 17 U.S.C. § 507.

40. A cause of action ordinarily accrues when a plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief. A copyright cause of action thus arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014). This standard principle of law and statutory interpretation is called the "injury rule." Under the injury rule, Plaintiffs' causes of action are barred, in whole or in part, because the uses of music for which they complain occurred more than three years prior to the filing of the Complaint. There is no reason in law or fact to deviate from the injury rule in this case. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) (Gorsuch, J., dissenting).

41. Even if a different rule (*e.g.*, the "discovery rule") were applied, Plaintiffs' causes of action would be barred, in whole or in part, because Plaintiffs either knew or should have known about the allegedly infringing uses more than three years prior to the filing of the Complaint.

6

Plaintiffs, through their agents, first gave notice that they were aware of accused uses of music on May 5, 2021 (the "First Notice Date"), which is more than three years prior to the filing of the Complaint.

42. Subsequently, it has been revealed that Plaintiffs, through their agents, employed software programs to search the Internet for uses of music, and those programs created a database of accused uses (the "Archive"). On information and belief, the Archive identified uses which are the subject of this Complaint long before the First Notice Date. Despite numerous requests, Plaintiffs have refused to produce the Archive, or respond to queries about the date of creation of the Archive, when Plaintiffs and/or their agents first became aware of these alleged infringements, or when Plaintiffs engaged agents and/or software programs to search for potential infringements. Nonetheless, because Plaintiffs, through their agents, had all of the information necessary to file suit and obtain relief more than three years prior to the filing of the Complaint, their causes of action are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Copyright Misuse)

43. Plaintiffs' causes of action are barred, in whole or in part, because they engaged in copyright misuse. Among other things, Plaintiffs attempted to leverage their copyright registrations along with threats of attorneys' fees in order to extort from the Team disproportionate payments for allegedly infringing uses. At the same time, Plaintiffs refused to provide the Miami Heat with the data revealing the totality of the music the Team allegedly infringed.

### FOURTH AFFIRMATIVE DEFENSE
### (Implied License)

44. Plaintiffs' causes of action are barred, in whole or in part, because the Miami Heat possessed an implied license to use Plaintiffs' alleged copyrighted works.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use, 17 U.S.C. § 107)

45. Plaintiffs' causes of action are barred, in whole or in part, because any use the Miami Heat made of Plaintiffs' copyrighted work was a fair use.

### SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

46. Plaintiffs' causes of action are barred, in whole or in part, because the Miami Heat's alleged conduct is protected by the First Amendment of the United States Constitution and applicable state constitutions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

47. Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

48. Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Laches)

49. Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

50. The Miami Heat reserves the right to add, alter, and/or amend its Answer and its defenses as may later become available and apparent to it, and to withdraw any defenses that it determines to be inapplicable.

Date:   New York, New York
        October 15, 2024

Respectfully submitted,

**BARNES & THORNBURG LLP**

By:    */s/ David S. Slovick*
David S. Slovick
New York Bar No. 5337811
390 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
Email: David.Slovick@btlaw.com

- and -

Anna Kalinina *(admitted pro hac vice)*
Texas Bar No. 24092605
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email: Anna.Kalinina@btlaw.com

*Counsel for Defendant Miami Heat Limited Partnership*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of October, 2024, the foregoing pleading was served upon all counsel of record via the Court's CM/ECF system.

*/s/ David S. Slovick*
David S. Slovick